## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **CHRISTOPHER HURLEY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | Civil No. SAG-21-2307 |
| | * | |
| **THE HARTFORD, HARTFORD** | * | |
| **LIFE AND ACCIDENT COMPANY,** *et al.*, | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Christopher Hurley ("Plaintiff") filed a Complaint on September 8, 2021 against Defendants Hartford Life and Accident Insurance Company,[1] and Continental Casualty Company (d/b/a CNA) (collectively, "Defendants") seeking to obtain long term disability benefits and other benefits under an ERISA employee benefit plan. ECF 1. Defendants have filed a Motion to Dismiss for Failure to State a Claim, ECF 8. Plaintiff filed an opposition, ECF 10, and Defendants filed a reply. ECF 11.

This Court has carefully reviewed all of the filings. No hearing is necessary to resolve the pending motion. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Defendants' motion will be granted.

### I.    Factual and Procedural Background

The factual allegations in the Complaint are assumed to be true for purposes of this motion. Plaintiff's employer, the Johns Hopkins University Applied Physics Laboratory, provided long

---

[1] Erroneously sued as "The Hartford, Hartford Life and Accident Company."

term disability income benefits to its employees through Defendants' policies.  ECF 1 ¶¶ 7, 8.  On or about July 26, 1991, Plaintiff became disabled and unable to work because of a combination of medical impairments.  *Id.* ¶ 9.  On April 1, 1992, Plaintiff returned to his same occupation on a part-time basis and has continued to work part-time since then, never resuming full-time employment.  *Id.* ¶ 10.  Plaintiff applied for and received benefits under the Johns Hopkins Applied Physics Laboratory Long Term Disability Plan in 1991 under the Total Disability definition and in 1992 under the Partial Disability definition.  *Id.* ¶ 11.

In January of 2002, Defendant CNA Insurance first denied Plaintiff's continuing benefits, stating in its termination letter that Plaintiff did not meet the policy definition for "total disability," rather than the applicable definition for "partial disability."   ECF ¶ 12. Plaintiff successfully appealed that termination and continued to receive partial disability benefits.  ECF ¶ 13.

On January 11, 2018, Defendants again issued Plaintiff a denial letter, relying upon a medical evaluation performed by Dr. Ward on November 16, 2017.  *Id.* ¶¶ 14, 15.  Plaintiff appealed this denial on June 28, 2018, attaching a letter and medical documentation from his long-time treating physician, Dr. Ammlung.  *Id.* ¶ 17.  Nevertheless, Defendants rejected the appeal by letter dated September 10, 2018.  *Id.* ¶ 22.  Plaintiff contends that the Defendants applied the improper definition of disability and did not consider all of the relevant evidence when they denied his claim.  *Id.* ¶ 21.

The September 10, 2018 denial letter states that Plaintiff has exhausted administrative remedies and has the right to bring legal action for benefits under ERISA. *Id.* ¶ 22.  It does not,

however, advise Plaintiff of the applicable statute of limitations under 29 U.S.C. § 1133; 29 C.F.R. §§ 2560.503-1(g); and 29 C.F.R. § 2560.503-1(j)(4)(ii).[2] *Id.*

## II.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' ....") (citation omitted); *see also Willner v. Dimon*, 849 F.3d

---

[2] The Complaint cites 29 C.F.R. § 2560.503-1(j)(4)(iii), which appears to be a typographical error (since there is no subsection (iii) under 29 C.F.R. § 2560.503-1(j)(4)).

93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is

entitled to the legal remedy sought.  *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Courts generally do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion.  *Edwards*, 178 F.3d at 243 (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)."  *Goodman v. Praxair, Inc*., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009).  Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies ... if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint*.'"  *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman*).  A defense based on the statute of limitations therefore may be considered by a motion to dismiss if facts sufficient to rule are contained within the Complaint's allegations.  *Id.*

Both parties have attached certain documents to the briefing of this motion.  *See, e.g.*, ECF 8-3; ECF 10-1.  As another judge of this Court cogently explained:

> As a general rule, the court does not consider extrinsic evidence at the motion to dismiss stage; however, it is a well-recognized exception to this rule that the court may consider, without converting the motion to dismiss into one for summary judgment, documents attached to the complaint as exhibits, and documents attached to a motion to dismiss if the document is "integral to the complaint and there is no dispute about the document's authenticity." *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). A document is "integral" to the complaint if its "very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (internal quotation marks omitted) (emphasis removed). Where the complaint shows that the plaintiff has adopted the

contents of the documents attached to the complaint, "crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167.

*Reamer v. State Auto. Mut. Ins. Co.*, --- F. Supp. 3d ----, No. CCB-20-2987, 2021 WL 3725385, at *2 (D. Md. Aug. 23, 2021). Applying those standards, the Long Term Disability Policy ("Policy") is clearly integral to the Complaint because it gives rise to the basis for Plaintiff's claim for benefits. ECF 8-3. Similarly, the September 10, 2018 denial letter is integral to the Complaint because without the denial there would be no appeal. ECF 10-1. Neither party has challenged the authenticity of either document, both of which were expressly referenced in the Complaint. ECF 1 ¶¶ 11, 12, 20, 22. Accordingly, this Court deems it appropriate to consider those documents in adjudicating this motion to dismiss, without converting the motion into one for summary judgment.

## III.   ANALYSIS

Defendants' Motion to Dismiss asserts that Plaintiff's appeal is barred by the statute of limitations set forth in the Policy. The Policy specifies "[n]o action at law or in equity can be brought until after 60 days following the date written proof of loss was given. No action can be brought after 3 years (Kansas 5 years, South Carolina 6 years) from the date written proof is required." *See* ECF 8-3 at 36. The Policy further requires that "written proof of loss be furnished to Us within 90 days after the end of a period for which We are liable." *Id.*

Per the allegations in the Complaint, Defendants terminated Plaintiff's long term disability benefits by letter dated January 11, 2018. ECF ¶ 14. Plaintiff appealed that denial on June 28, 2018 and Defendants upheld the denial in a letter dated September 10, 2018. *See id.* ¶¶ 17, 21-22. In Defendants' view, then, Plaintiff had to provide proof of loss by April 11, 2018, ninety days from the termination letter (representing the end of the period for which Defendants were liable). Plaintiff then had three years from that date to file his lawsuit, meaning that his suit had to be filed by April 11, 2021. Because his suit was not filed until September 8, 2021, it was time-barred.

6

Plaintiff asserts two arguments against that dispositive conclusion, both of which are unavailing.  First, Plaintiff suggests that Defendants' September 10, 2018 letter violated a regulatory requirement that he be advised of the applicable time limits within which he must file suit.  ECF 10 at 2-6.  The requirement Plaintiff cites, however, exists in the version of the regulations that came into effect on January 1, 2002 and applies only to claims made after that date.  *See* ECF 11-1 at 28 ("This section shall apply to claims filed under a plan on or after January 1, 2002.").  Plaintiff began receiving benefits in 1991 and 1992, meaning that his claims were filed well before January 1, 2002 and would have been governed by the earlier version of the regulations.  The regulations applicable to his claim did not require that he be advised of the limitations period.  ECF 11-2.

Plaintiff's second argument is that his three-year statute of limitations did not begin until he had exhausted his administrative remedies, which occurred when he received the post-appeal termination letter on September 10, 2018.  That argument, however, is foreclosed by the Supreme Court's ruling in *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 106 (2013).  *Heimeshoff* validated the relatively standard practice of including reasonable contractual provisions in ERISA plans to impose shorter deadlines for filing suit.  *See Heimeshoff*, 571 U.S. at 106.  The Supreme Court noted that "[t]he principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan." *Id.* at 108.

In fact, the limitations provision the Supreme Court considered in *Heimeshoff* is the same as that contained in Plaintiff's Policy.  *Id.* at 103.  The *Heimeshoff* policy also stated that "legal action cannot be taken . . . [more than] 3 years after the time written proof of loss is required to be furnished according to the terms of the policy." *Id.*  The Court reasoned that because the rights

and duties at issue in an ERISA benefits case are "bound up with the written [plan] instrument[,]" *id.* at 108, "the parties' agreement should be enforced unless the limitations period is unreasonably short or foreclosed by ERISA." *Id.* at 115.  The *Heimeshoff* Court then concluded that the three-year limitations period running from the time written proof of loss must be furnished was neither unreasonably short nor foreclosed by ERISA.  *Id.*  The Court also expressly rejected the employee's argument that the limitations period should be tolled during the process of "internal review" after participants submit proof of loss.  *Id.*

Similarly, here, the limitations period provided in the Policy afforded Plaintiff three years to file his suit from the time written proof of loss was due, roughly two years and seven months of which occurred after he received the post-appeal letter in September, 2018.  That period is neither unreasonably short nor foreclosed by ERISA.  Nevertheless, similar to the tolling argument that was rejected in *Heimeshoff*, Plaintiff essentially invites this Court to reject the parties' agreed limitations period in favor of enforcing the standard common law limitations period running three years from the date his claim fully accrues.  Because such action would contravene the Supreme Court's holding in *Heimeshoff*, this Court must decline the invitation.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF 8, is granted.  Plaintiff's claims are dismissed without prejudice and this case will be closed.  An implementing Order follows.


Dated:    January 4th, 2022                                      /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge